### BINDER v YOUNGSTOWN Ry Co

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct 17, 1930

John Buffalo, Youngstown, for Binder.
Harrington, DeFord, Huxley & Smith, Youngstown, for Railway Co.

MAUCK, J. (4th Dist) sitting in place of POLLOCK, J.

FARR, J.

The first assignment for error is that the verdict and judgment are against the weight of the evidence. In order to fully understand the application of the facts in this case as related to this issue, it may be noted that on the north side of the monument, or perhaps it should be said that near the center of what is known as the Diamond, there are two lines of electric railway, east and west bound tracks on Federal Street. At either end appropriate lights control the traffic according to color. Binder predicates his principal claim to the right of recovery in this case upon the proposition that after he had started to cross the two lines of the railway, that a car moving from the west and easterly, ran through the red light at the westerly side or end of the Public Square, and that in order to avoid this car he sought to pass in the rear of the west bound car and sustained the injuries complained of. So that the principal issue as it relates to the weight of the evidence is with relation to the change of lights at this particular time.

This issue was submitted to the jury under the instructions of the court, and a verdict was found for the defendant, and Binder now claims that the conclusion reached by the jury in that behalf is against the weight of the evidence. To sustain his claim he testified in his own behalf, and says that before he left the curb he looked both to the east and to the west, and that the traffic light at the west end of the Square was red at the time, red for east and west and green for north and south traffic, there being a line of electric railway extending north and south and passing in that direction around the Square;

that when he attempted to pass around the west bound car that the other car dashed out of the west and he was caught. He called also in that connection a witness by the name of William Danish, who testified that he was traveling through the Public Square at the time from the east in an automobile with his wife and child. He says:

"I slowed down. I came to a stop and then noticed the street car coming, through the red light (meaning the street car coming from the west end of the square. going east.)"

In this statement Danish is corroborated by his wife, Mrs. Danish. She testified that the traffic light at the west side of the Square was red for east and west, and green for north and south. Charles Rainey was also called and states that he remembers the accident and he, too, says that at the time the lights were green for north and south and red for east and west at the west end of the Square. Mabel Bentley says the light was red for east and west.

For the defense a number of witnesses were called, among whom were Mason, the motorman. At page 392 of the Record he states that the light at the west side of the Square was still green at the time of the accident. Mrs. Nichols also testified in behalf of the defendant and she likewise says that the light was still green at the west side of the Square when the car was passing her. Mrs. Starr, a passenger on the street car, testified to a similar situation, saying that the light was still green at the west side of the Square, and perhaps Miss Baker, Mr. Robertson partially corroborate as to the color of the light. Mrs. Kapsuta testified as to Binder's movements just before he was injured. It was from this testimony as disclosed by the Record, that the jury found in behalf of the defendant company, in the light of which this court upon review is asked to find that the conclusion reached by the jury was so clearly, so manifestly against the weight of the evidence as to warrant a reversal.

Some of the witnesses involved on either side of the case may have had or may not have had any particular interest in the determination of the controversy. If so, it was for the jury to determine to just what extent they were worthy of belief, and having reached the conclusion that the witnesses for the defendant, equal at least in number to those of plaintiff, were correct in the statements they made, this court

upon review could not properly say that the verdict and judgment were so clearly, so manifestly against the weight of the evidence as to authorize a reversal, and therefore that assignment for error cannot avail here.

The next assignment for error is that the court erred in giving of special requests to charge before argument Nos. 1, 2, 3, 4, 5, 6, 8 and 9, submitted by the defendant below, and the principal objection urged as against these instructions is that they too much involve the element of contributory negligence upon the part of the plaintiff below. It will not be necessary to read into the record these instructions in full. It is sufficient to say that they do disclose that considerable emphasis was placed upon the subject of contributory negligence upon the part of the claimant below. However, they do not so much reflect that issue that a reversal should be had upon that ground. They are subject, nevertheless, to some criticism in that behalf. However, there is another and different reason why a reversal may not be had upon that ground, and it is this: There are two principal issues reflected in this case, the one is the want of negligence upon the part of the defendant Railway Company, the other is the question of contributory negligence upon the part of the claimant below. These two principal issues are made by the pleadings, and they were the two vital questions to be determined by the jury. It should be observed in this connection that the jury found a general verdict for the defendant. No interrogatories were submitted to the jury to test their reasons for the conclusion reached, so that it comes within the general verdict rule; that is to say, the jury having found generally on the paramount issues made by the pleadings, no one may now say upon which issue the jury found its verdict, there being no special interrogatories submitted as above stated to test the knowledge of the jury or the reasons for their findings.

Attention in that connection is called to the case of **McAllister v. Hatzell, 60 Oh St, 69,** and where it is held in the second proposition of the syllabus as follows:

"Where two issues are presented in the pleadings for the determination of the jury, and there is a verdict finding the issues for the defendant, and such finding on either issue entitles him to a general judgment in his favor, and a judgment is rendered on the verdict, such judgment will not be reversed for error in the instructions of the court to the jury relating exclusively to one of the issues. **Sites v. Haverstick, 23 Oh St, 626,** approved and followed."

It may be observed that thus early in the judicial history of Ohio, in the case of **Sites vs. Haverstick,** this principle was recognized and followed in the case to which reference has just been made. An examination of the cases reflecting this same rule leads to the conclusion that it has never been abrogated or modified in Ohio, and as disclosed in the case of **Ochaner v. Traction Company, 107 Oh St 39,** and in the opinion by Day, J., where, at page 39, it is observed as follows:

"It has long been the law of this state that if the issues are such that a finding on either of them in favor of the successful party entitles him to a judgment rendered on the general verdict, such judgment will not be reversed for error in the instructions of the court relating exclusively to the other issue. **Sites v. Haverstick, 33 Oh St, 626; McAllister v. Hartzell, 60 Oh St, 69; State ex rel Lattanner v. Hills, 94 Oh St 171; Jones v. Erie Rd Co., 106 Oh St, 406,** approved and followed."

So that as late as the 107 Ohio State, that principle has been recognized and followed by the court of last resort in this jurisdiction. The conclusion is, therefore, that the last names ground of error can not avail in the instant case.

The last assignment for error is to the general charge of the trial court. Complaint is made of that part at pages 593 and 594 of the Record, which reads as follows:

"Now with respect to the negligence or contributory negligence upon the part of the plaintiff, if there be any such in this case, the law places the duty upon the defendant company to show by a preponderance or the greater weight of the evidence that the plaintiff was guilty of negligence or contributory negligence and that such negligence or part of it was a proximate cause of his injury, unless, and in the event that the testimony of Mr. Binder, the plaintiff, himself, fairly and honestly raises a presumption of a want of ordinary care on his part, and, if his testimony does raise such presumption, fairly and honestly, then and in that event, the burden of proof would shift from the defendant, the Youngstown Muni-

cipal Railway Company, over to the plaintiff, Mr. Binder, who then would be required to go forward and show by equal or countervailing evidence that such negligence or contributory negligence did not in fact exist."

It will practically be agreed that this instruction was correct and no particular complaint is made about that, but it is this concluding paragraph which is claimed to be erroneous:

"—but, with this exception, the burden of proof rests upon the plaintiff throughout this case."

It is insisted that this would mislead and confuse the jury however upon consideration of this paragraph. The conclusion is that it did not and would not do so, because it reads "with this exception", unmistakedly referring to that which had gone before; therefore the instruction is correct. Nor was there any error in overruling the motion for a new trial.

In view of the foregoing it follows that there is no prejudicial error disclosed by the Record, and the judgment is affirmed.

Roberts and Mauck, JJ, concur.